TRIBUNE PUBLISHING COMPANY *vs.* C. R. DAVIS.

York. Opinion January 31, 1916.

*Assumpsit. Commissions. Conversion of moneys. Principal and Agent. Trover.*

In an action of trover for a balance of moneys collected by defendant from sundry parties under a contract between him and the plaintiff, by the terms of which the defendant was to conduct a "contest" for the purpose of securing subscribers for a newspaper published by plaintiff, in which contract the defendant was to receive for his services commissions on all money received on account of subscribers.

*Held:*

1. In determining from the circumstances and relation of the parties whether trover or assumpsit is the proper remedy, it is necessary to consider the distinctive quality of money as differing from other kinds of property, and the character and conduct of the defendant in receiving and retaining the money in question.

2. The title to money, from its nature, passes by delivery, and its identity is lost by being changed into other money or its equivalent in the methods ordinarily used in business for its safe keeping and transmission.

3. Mere failure to deliver such property in specie on demand would not be technical conversion, nor would the refusal to pay over its equivalent be conclusive evidence of conversion in the sense of the law of trover, but might be the ground for an action of assumpsit.

4. When the defendant is the agent of the plaintiff for the collection and paying over not of a single subscription, but of all subscriptions secured and he is entitled to receive as commission a certain percentage of such subscriptions, an action of trover to recover such subscriptions may be unjust to the agent as depriving him of his right of set-off and other legal defenses.

5. Where the relation of principal and agent existed between the plaintiff and the defendant and the principal brought an action of trover against the agent for moneys alleged to have been received by him and converted to his own use, under the circumstances of the case an action of trover could not be maintained.

This is an action of trover to recover certain moneys which were in the hands of the defendant at the close of a newspaper contest which was the subject of a contract between the parties. There remained in the hands of the defendant $476.40, a balance of moneys collected by him. The plaintiff made demand upon him for said money. The defendant claimed that he was entitled to retain said sum as his commission, while the plaintiff claimed that the commissions constituted part of the costs of the newspaper contest and denied the right of the defendant to retain said sum for his commissions, and brought this action of trover for the recovery of said sum of money so retained by said defendant.

On conclusion of plaintiff's case in chief, the presiding Justice ordered a non suit. To this order plaintiff excepts. Exceptions overruled.

Case stated in opinion.

*John V. Tucker, and Allen & Willard,* for plaintiff.

*Lucius B. Swett,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, KING, BIRD, HANSON, JJ.

BIRD, J. Upon the close of the contest which was the subject of the contract between the parties there remained in the hands of the defendant four hundred and seventy-six dollars and forty cents, a balance of moneys collected by him. The defendant claimed, upon demand made by plaintiff, that he was entitled to retain this sum as commissions while the plaintiff, claiming that the commissions constituted part of the costs of the contest, denied the

right of defendant to any commissions and brought this action of trover for the recovery of the sum so retained. At the close of evidence of the plaintiff the court ordered a non suit and the plaintiff excepted.

It is the opinion of the court that this case cannot be distinguished from that of *Hegelton* v. *Locke,* 104 Maine, 164. That case was an action of trover brought by the manager of a life insurance company against an agent appointed by him to solicit business and to collect the premiums on policies secured by him, for a premium collected by the latter, who had undertaken to pay over all premiums collected to the manager. There, as here, a non suit was ordered and exceptions taken. After discussing trover as a remedy for the recovery of money and the rights of plaintiff as against defendant, the court, in overruling the exceptions, says: "In determining from the circumstances and relation of the parties whether trover or assumpsit is the proper remedy it is necessary to consider the distinctive quality of money as differing from other kinds of property, and the character and conduct of the defendant in receiving and retaining the money in question. From its nature the title to money passes by delivery and its identity is lost by being changed into other money or its equivalent in the methods ordinarily used in business for its safe keeping and transmission. An agent unless restricted by the terms of his contract would violate no duty assumed by him by adopting these methods in dealing with the money of his principal. Mere failure to deliver such property in specie on demand would not be technical conversion, nor would the refusal to pay over its equivalent be conclusive evidence of conversion in the sense of the law of trover but might be the ground for an action of assumpsit. *Orton* v. *Butler,* 7 Eng. C. L., 224; *Hennequin* v. *Clews,* 111 U. S., 676; Vol. 1, Federal Statutes annotated, 580, 582.

The defendant was the agent of the plaintiff for the collection and paying over not of a single premium of insurance but such as were payable for all policies effected by him in his business of canvassing, and he was entitled to receive as commission a certain percentage of these premiums when paid over. An action of trover by the principal might, under these circumstances, be unjust to the

agent by depriving him of his right of set-off and other legal defenses. *Orton* v. *Butler,* supra."

See I Chit. Pl. (13th, Am. Ed.), 147.

The exceptions must be overruled.

*So ordered.*